NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHISH ACHARJEE, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; REMINGTON, Badge No. 4687, in his individual capacity; RIVERSIDE COUNTY OFFICE OF THE DISTRICT ATTORNEY; MICHAEL HESTRIN, Cal Bar No. 200300, in his individual capacity, <br><br>         Defendants - Appellees. | No. 24-6480 <br><br> D.C. No. 5:23-cv-00112-HDV-MAR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted April 21, 2026[**]

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Ashish Acharjee appeals pro se the district court's grant of summary judgment in favor of Defendant-Appellees Riverside County Sheriff's Department ("the Sheriff's Department"), Deputy Sheriff Brian Remington ("Remington"), Riverside County Office of the District Attorney ("the District Attorney's Office"), and District Attorney Michael Hestrin ("Hestrin") (collectively, "Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review grants of summary judgment de novo. *Los Padres ForestWatch v. U.S. Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022). Viewing the evidence in the light most favorable to the nonmoving party, we must decide whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014).

1. Acharjee argues that a Deputy Sheriff and Hestrin committed "documentary and procedural fraud" and "fraudulently" acted pursuant to California Government Code Section 7282.5, which led to Acharjee's "Extra Judicial Abduction." Acharjee appears to be contending that a Deputy Sheriff or Hestrin cooperated with federal immigration authorities to facilitate Acharjee's detention, but Acharjee points to no evidence supporting that contention. Acharjee fails to point to any evidence that the Deputy Sheriff or Hestrin provided

information to federal immigration authorities, or, even if they did so, that those actions were unlawful.

2.  Acharjee also argues that there was evidence that the District Attorney's Office committed various "criminal acts, specifically and categorically, described as felony and misdemeanor level crimes in California Penal Codes."  To the extent Acharjee contends that the District Attorney's Office committed fraud, his only support for this claim is his reference to a declaration by Deputy District Attorney Rachel Santos, which explains that an error on the date of a protective order was a mistake, not a fraudulent act.  And Acharjee points to no crimes allegedly committed by the District Attorney's Office, nor any evidence that would suggest that the District Attorney's Office committed any crimes.

3.  Acharjee contends that Hestrin and other staff at the District Attorney's Office violated his constitutional and civil rights.   But Acharjee does not identify which constitutional or civil rights the District Attorney's Office allegedly violated, and we are unable to identify any ourselves.  To the extent Acharjee raised more specific claims in the district court, he does not discuss them in his briefs on appeal, so he has forfeited those claims.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (explaining that we "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief" (quoting *Int'l Union of Bricklayers & Allied Craftsman*

*Loc. Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985))); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) ("Arguments not addressed in a brief are deemed abandoned.").

4. Acharjee also argues that Hestrin was not entitled to prosecutorial immunity for his alleged unlawful conduct. But because Acharjee has not identified any unlawful conduct by Hestrin, we need not decide whether he would be entitled to prosecutorial immunity if he had engaged in some improper act.

5. Acharjee also contends that Remington is not entitled to qualified immunity for his alleged violations. The district court did not reach the issue whether Remington was entitled to qualified immunity, so there is no adverse ruling on this issue for Acharjee to be appealing. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020) ("In general, an appellate court does not decide issues that the trial court did not decide." (citation omitted)); *cf. Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001) ("[O]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980))).

6. Acharjee further argues that the magistrate judge and district court judge exhibited "unfair and biased judgment" that favored Defendants, and "ignored all

4                                                                                    24-6480

the evidence, facts[,] and arguments" he presented in the district court. Specifically, Acharjee contends that the magistrate judge allowed Defendants' law firm to commit perjury, but the record provides no support for that contention. Instead, Acharjee appears to be alleging bias based only on the fact that the magistrate judge recommended, and the district court judge granted, summary judgment in favor of Defendants. But "judicial rulings alone are almost never sufficient to support a request for recusal," *Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010) (citation omitted), and Acharjee has given us no reason to doubt the magistrate judge's or the district judge's impartiality.

7. Acharjee also challenges the district court's award of costs to Defendants. But since the briefing on appeal was completed, the district court issued an order granting Acharjee's motion to re-tax costs and declining to award costs to Defendants. Because there is no cost award against Acharjee, the cost issue is moot.

**AFFIRMED.**